T.C. Memo. 2005-169

UNITED STATES TAX COURT

PETER MILTON JOSEPH AND ELLA JOSEPH, DECEASED, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14270-03.                    Filed July 11, 2005.

Peter Milton Joseph, pro se.

<u>Jason W. Anderson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOLDBERG, <u>Special Trial Judge</u>: Respondent determined a
deficiency in petitioners' Federal income tax of $9,187 and an
accuracy-related penalty in the amount of $1,837.40 pursuant to
section 6662(a) for the taxable year 1999. Unless otherwise
indicated, section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioners are entitled to claim a deduction for medical and dental expenses in the amount of $21,358; (2) whether petitioners are entitled to claim a deduction for real estate taxes in the amount of $3,456; (3) whether petitioners are entitled to claim a deduction for home mortgage interest in the amount of $4,937; (4) whether petitioners are entitled to claim miscellaneous deductions in the amount of $33,785; (5) whether petitioners failed to report in their gross income an individual retirement account (IRA) distribution in the amount of $1,493; and (6) whether petitioners are subject to an accuracy-related penalty pursuant to section 6662(a).

                         FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Chicago, Illinois, on the date the petition was filed in this case. Peter Milton Joseph appeared before the Court and

presented petitioners' case. Ella Joseph did not appear.[1]
References to petitioner are to Peter Milton Joseph.

For taxable year 1999, petitioners filed a joint Federal income tax return, which included a Schedule A, Itemized Deductions. During the year in issue, petitioners were married and resided in Chicago, Illinois.

On their jointly filed 1999 tax return, petitioners reported wage income of $60,236, interest income of $107, and taxable Social Security benefits of $9,399. Petitioners did not report any IRA distribution income on their jointly filed 1999 tax return. Petitioners reported adjusted gross income of $69,100, and claimed Schedule A itemized deductions in the amount of $60,603. Their 1999 income tax return reported a total tax in the amount of $36 and a refund amount of $140.46, after reducing their total tax by the amount of tax withheld, $176.46.

---

[1]Ella Joseph passed away on Oct. 23, 2004, after the filing of the petition in this case, but prior to trial. On Nov. 29, 2004, respondent filed a Motion to Dismiss for Lack of Prosecution, with respect to Ella Joseph, on the ground that there is no duly authorized representative or fiduciary to act on behalf of Ella Joseph, deceased. By the time of trial, the Motion to Dismiss for Lack of Prosecution had not been ruled upon by this Court. Further, the record in this case was held open for 30 days after trial to give petitioner an opportunity to provide letters testamentary or be appointed personal representative. The record was closed on Feb. 10, 2005. To date, petitioner has not provided us with proof that he (or anyone else) has been appointed personal representative. The case will be dismissed as to Ella Joseph, deceased, for lack of prosecution. The decision to be entered, with respect to her, will reflect the disposition of the issues considered in this opinion.

On their Schedule A, petitioners claimed as follows, in pertinent part:

| Itemized Deductions | | Amount |
|---|---|---|
| Line 1 | Medical and dental expenses | $21,358 |
| Line 4 | Net medical deduction | 16,175 |
| Line 5 | State and local income taxes | 1,630 |
| Line 6 | Real estate taxes | 3,456 |
| Line 9 | Total taxes | 5,086 |
| Line 10 | Mortgage interest (financial) | 4,937 |
| Line 14 | Total interest deduction | 4,937 |
| Line 18 | Total contributions | 2,000 |
| Line 23 | Total limited misc. expenses | 33,785 |
| Line 26 | Net limited misc. deduction | 32,403 |
| Line 28 | Total itemized deductions | 60,603 |

As shown above, petitioners claimed a Schedule A deduction for real estate taxes paid of $3,456 on their 1999 Federal income tax return. During taxable year 1999 petitioners owned four distinct properties. The first property was located in the Bahamas. This property was inherited by petitioner from his mother when she passed away in 1980. This property consisted of a vacant lot, which had been zoned for duplexes. Petitioners owned two pieces of property located in Punta Gorda, Florida. One of these properties was located 10 miles from Port Charlotte and was inherited from petitioner's mother. The other property was purchased by petitioners and was located about 10 miles from the first Florida property. The fourth property owned by petitioners was their principal residence, located in Chicago, Illinois. This property was situated on two adjoining tracts of land. The real estate taxes on the Chicago property were paid through petitioners' mortgage loan with EMC Mortgage Corporation.

Also, as shown above, petitioners claimed a Schedule A deduction for medical and dental expenses paid of $21,358 on their 1999 Federal income tax return. Ella Joseph was diagnosed with Parkinson's disease in approximately 1980.

During the taxable year 1999, Ella Joseph received a distribution in the amount of $1,493 from Bank One. Bank One sent a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., to respondent indicating that this distribution was made to Ella Joseph.

On January 14, 2003, respondent issued petitioners a notice of deficiency for taxable year 1999. In the notice of deficiency, respondent disallowed petitioners' claimed itemized deductions, determined petitioners had unreported income in the amount of $1,493, and determined petitioners were liable for a tax deficiency in the amount of $9,187, and an accuracy-related penalty of $1,837.40 pursuant to section 6662(a).

At trial, petitioner claimed that he had documents and other evidence to support petitioners' claimed itemized deductions, but did not have them at trial. As previously noted, the Court left the record open and gave petitioner 30 days to send these documents and other support to respondent. Petitioner did not avail himself of the opportunity to submit this evidence, and on February 10, 2005, the record in this case was closed.

OPINION

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving the Commissioner's determinations in the notice of deficiency to be in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue. In the present case, the burden of proof does not shift with respect to any factual issue relating to petitioners' liability for the income tax deficiency because petitioners neither alleged that section 7491 was applicable nor established that they complied with the substantiation requirements of section 7491(a), as shown below. Sec. 7491(a)(2)(A) and (B). However, respondent has the burden of production with respect to the accuracy-related penalty. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Therefore, petitioners bear the burden of showing that they are entitled to the claimed itemized deductions and that the IRA distribution should not be included in their gross income. Deductions are a matter of legislative grace and are allowed only

as specifically provided by statute, and, as previously stated, petitioners bear the burden of proving that they are entitled to the claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making, and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957). With these well-established propositions in mind, we must determine whether petitioners have satisfied their

burden of proving that they are entitled to the claimed itemized deductions mentioned above.

1.  Medical and Dental Expenses

As previously stated, on their Schedule A for taxable year 1999, petitioners claimed a deduction of $21,358 for medical and dental expenses incurred during taxable year 1999.  Respondent disallowed the aforesaid deduction in full.  Respondent determined that petitioners did not prove that the expenses were incurred or, if incurred, that they were paid during taxable year 1999.

Section 213(a) allows as a deduction any expenses that are paid during the taxable year for the medical care of the taxpayer, his spouse, and dependents, and that are not compensated for by insurance or otherwise.  Estate of Smith v. Commissioner, 79 T.C. 313, 318 (1982).  The deduction is allowed only to the extent the amount exceeds 7.5 percent of adjusted gross income.  Sec. 213(a); sec. 1.213-1(a)(3), Income Tax Regs. The term "medical care" includes amounts paid "for the diagnosis, cure, mitigation, treatment or prevention of disease, or for the purpose of affecting any structure or function of the body". Sec. 213(d)(1)(A); Estate of Smith v. Commissioner, supra at 318-319.

Petitioners claim they are entitled to a deduction for medical expenses incurred mainly on account of Ella Joseph who,

as previously noted, was diagnosed with Parkinson's disease in approximately 1980. However, petitioners have provided no substantiation that such expenses were incurred. At trial, petitioner did not testify as to any medical expenses that were incurred during taxable year 1999. Petitioner did not submit any evidence either before, during, or after trial that would prove any medical expenses were incurred during taxable year 1999.

Upon the basis of the record and because petitioners have failed to provide any substantiation to support their claimed deduction for medical and dental expenses, we find that we cannot estimate any amounts of petitioners' deduction under the Cohan rule, and we sustain respondent's disallowance of petitioners' claimed deduction for medical and dental expenses in the amount of $21,358. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

2. Real Estate Taxes

Petitioners claimed a Schedule A deduction for real estate taxes paid during taxable year 1999 of $3,456 on their Federal income tax return. Respondent agrees that petitioners are entitled to deduct, under section 164, $1,017 of the claimed Schedule A deduction for real estate taxes. However, respondent contends that petitioners are not entitled to the additional $2,439. Respondent determined that petitioners did not prove that the claimed real estate taxes were incurred or, if incurred, that they were paid during taxable year 1999.

Section 164 allows a deduction for certain taxes, including State and local real property taxes, paid or accrued during the taxable year.  Sec. 164(a)(1).  In general, taxes are deductible only by the person upon whom they are imposed.  See sec. 1.164-1(a), Income Tax Regs.

Specifically, section 164(a) provides, in pertinent part:

> SEC. 164(a).  TAXES.
>
> (a) General Rule.--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:
>
> > (1) State and local, and foreign, real property taxes.

During taxable year 1999, petitioners owned four distinct properties.  One such property was located in the Bahamas.  Petitioner testified that petitioners paid tax on this property and claimed the tax paid as a portion of the deduction claimed for real estate taxes on their Schedule A.  However, petitioner did not testify to the specific amount of the tax paid on the Bahamas property.  The only corroborating evidence in the record, which petitioner alleges shows that a tax was paid on this property, is a Reminder Notice from Lucaya Service Company Limited.  The Reminder Notice references lot, Lucayan Glen Unit 1 Block 17 Lot 37, and shows a total due from petitioner of $100.  However, the Reminder Notice describes the reason for payment due as "service charge arrears".  Upon the basis of the record in

this case, we conclude that petitioners have failed to provide any substantiation to support any claimed deduction for real estate tax paid on their Bahamas property.

Petitioners also owned two pieces of property located in Punta Gorda, Florida. Petitioner testified that petitioners paid real estate taxes on these properties and claimed the taxes paid as a portion of the deduction claimed for real estate taxes on their Schedule A. However, petitioner again did not testify to the specific amounts of the taxes paid on the Florida properties. The only corroborating evidence in the record, which petitioner alleges shows that taxes were paid on these properties, is a Statement of Annual Maintenance Assessment in the amount of $96.43. Respondent reported, at trial, that the $1,017 portion allowed by respondent, pursuant to section 164, of petitioners' claimed Schedule A deduction for real estate taxes, consisted of real estate taxes paid in respect to the Florida properties. However, it is not clear from the record if the amount of the Annual Maintenance Assessment has already been included in the $1,017 allowed by respondent or if such amount is considered a tax.

Based on the foregoing, we conclude that petitioners have failed to provide any substantiation to support any claimed deduction for real estate taxes paid on their Florida properties in excess of the $1,017 allowed by respondent.

Petitioners further owned property in Chicago, Illinois, which was their principal residence. This property was located on two adjoining tracts of land. Petitioner testified that the real estate taxes on this property were paid through petitioners' mortgage loan with EMC Mortgage Corporation. Petitioner offered into evidence a monthly billing statement dated December 16, 1999, from EMC Mortgage Corporation, along with a 1997 annual billing statement to corroborate his testimony. Both documents were received into evidence by the Court. Petitioner testified that the taxes paid in 1999 were approximately similar to the taxes paid in 1997. The monthly billing statement reflects four instances of "County Tax Payments" during taxable year 1999; September 8, October 7, October 11, and December 17, in the amounts of $368.45, $381.59, $798.97, and $381.59, respectively. The monthly billing statement reflects total real estate taxes paid during taxable year 1999 in the amount of $1,930.60. Petitioner testified that the reason for several individual payments of tax was due to the fact that the property was located on two tracts of land and the taxes were assessed per tract. The 1997 annual billing statement reflected two total tax amounts, one for each separate tract of land, in the amounts of $736.89 and $736.89. The 1997 annual billing statement reflected a total of real estate taxes paid in the amount of $1,473.78.

Upon the basis of the record in this case and giving petitioners the benefit of the doubt, we conclude that they have substantiated real estate taxes paid in the amount of $1,930.60 with respect to their Chicago, Illinois, property. This amount is in addition to the portion of $1,017 of the Schedule A deduction for real estate taxes allowed by respondent with respect to petitioners' Florida properties.

3. <u>Home Mortgage Interest</u>

On their Schedule A for taxable year 1999, petitioners claimed a deduction of $4,937 for home mortgage interest paid during taxable year 1999. Respondent agrees that petitioners are entitled to deduct, under section 163, $4,796 of the claimed deduction for home mortgage interest. However, respondent contends that petitioners are not entitled to the additional $141. Respondent determined that petitioners did not prove that they paid home mortgage interest in excess of $4,796 during taxable year 1999.

Section 163(a) allows a deduction for all interest paid or accrued within the taxable year on indebtedness. Section 163(h)(1), however, provides that, in the case of a taxpayer other than a corporation, no deduction is allowed for personal interest. Qualified residence interest is excluded from the definition of personal interest and thus is deductible under section 163(a). See sec. 163(h)(2)(D). Qualified residence

interest is any interest which is paid or accrued during the taxable year on acquisition indebtedness or home equity indebtedness. See sec. 163(h)(3)(A). Acquisition indebtedness is any indebtedness secured by the qualified residence of the taxpayer or incurred in acquiring, constructing, or substantially improving the qualified residence. See sec. 163(h)(3)(B). Home equity indebtedness is any other indebtedness secured by the qualified residence to the extent the aggregate amount of such indebtedness does not exceed the fair market value of the qualified residence reduced by the amount of acquisition indebtedness on the residence. See sec. 163(h)(3)(C)(i). The amount of home equity indebtedness for any taxable year cannot exceed $100,000. See sec. 163(h)(3)(C)(ii). The indebtedness generally must be an obligation of the taxpayer and not an obligation of another. See Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), affg. T.C. Memo. 1976-150.

Petitioners provided no documentation before, during, or after trial, such as canceled checks, that substantiates their claim that they made payments of home mortgage interest in excess of $4,796 during taxable year 1999. At trial, petitioner did not testify as to any specific payments of home mortgage interest. Petitioners' only evidence, in this respect, is a monthly billing statement from EMC Mortgage Corporation (EMC) reflecting that petitioners paid $187.45 of home mortgage interest during taxable

year 1999. However, it is not clear from the record if this payment of home mortgage interest to EMC has already been included in the $4,796 allowed by respondent.

Therefore, we find that petitioners have failed to provide any substantiation to support their claimed payments of home mortgage interest in excess of the $4,796 allowed by respondent. We find we cannot estimate any amounts of petitioners' deductions under the Cohan rule, and we sustain respondent's disallowance of petitioners' claimed payments of home mortgage interest in excess of $4,796. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

4. Miscellaneous Deductions

On their Schedule A for taxable year 1999, petitioners claimed miscellaneous deductions of $33,785 for job expenses incurred during taxable year 1999. The deduction was claimed for expenses incurred while petitioner attended English Literature courses at Worcester College in Oxford, England. Respondent disallowed the aforesaid deduction in full. Respondent determined that petitioners did not prove that the expenses were incurred or, if incurred, that they were paid during taxable year 1999, nor did petitioners prove that if the expenses were incurred and paid, the expenses were ordinary and necessary to petitioner's business.

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in

carrying on any trade or business.  For an expense to be "ordinary" the transaction that gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. at 113-114.  The performance of services as an employee constitutes a trade or business.  See sec. 1.162-17(a), Income Tax Regs.  The employee must show the relationship between the expenditures and the employment.  See Evans v. Commissioner, T.C. Memo. 1974-267.  The taxpayer bears the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Expenditures made by a taxpayer for education are deductible, with certain exceptions not relevant here,[2] if the education either:  (1) Maintains or improves skills required in an individual's employment or other trade or business; or (2) meets the express requirements of the individual's employer, or meets the requirements of applicable law or regulations, imposed as a condition to the retention of employment, status, or rate of compensation.  See sec. 1.162-5(a), Income Tax Regs.

---

[2]The courses given by Worcester College do not meet the minimum educational requirements of petitioner's employment. They do not qualify petitioner for a new trade or business. Thus, deductions associated with the courses are not prohibited under sec. 1.162-5(b), Income Tax Regs.

In the case of travel expenses, entertainment expenses, and expenses paid or incurred with respect to listed property, e.g., passenger automobiles, section 274 overrides the <u>Cohan</u> doctrine, and expenses are deductible only if the taxpayer meets the section's stringent substantiation requirements. Secs. 274(d), 280F(d)(4); <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Section 274(d) specifically provides:

> SEC. 274(d). Substantiation Required.--No deduction or credit shall be allowed--
>
> (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),
>
> (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity,
>
> (3) for any expense for gifts, or
>
> (4) with respect to any listed property (as defined in section 280F(d)(4)),
>
> unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *

This section "contemplates that no deduction or credit shall be allowed a taxpayer on the basis of such approximations or unsupported testimony of the taxpayer." Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

In order to substantiate a deduction by means of adequate records, a taxpayer must maintain a diary, log, statement of expenses, trip sheet, or similar record, and documentary evidence which, in combination, are sufficient to establish each element of each expense or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence to support a taxpayer's record of the elements of expenditure or use must have "a high degree of probative value to elevate such statement and evidence" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra. Thus, no deduction for expenses under section 274(d) may be allowed on the basis of any approximation or the unsupported testimony of the taxpayer. See, e.g., Murata v. Commissioner, T.C. Memo. 1996-321; Golden v. Commissioner, T.C. Memo. 1993-602.

Petitioner testified that the job expenses incurred during taxable year 1999 were for expenses incurred in furtherance of his occupation as a high school English teacher employed by the Chicago Department of Education. Petitioner also testified that the expenses were incurred in attending English literature

courses given at Worcester College at Oxford, England. Petitioner further testified that the courses' objective was to aid teachers in their teaching of high school English courses, including advanced placement courses. Petitioner did admit that these courses were not required as a condition for his employment with the Chicago Department of Education and that he and his wife had made this trip every summer for several years, during which time he attended these courses at Worcester College at Oxford.

In this case, petitioner has attempted to substantiate his expenditures through his own self-serving testimony. At trial, petitioner testified: (1) In taxable year 1999 and preceding years, he and his wife would fly to England for the last 2 weeks in July; (2) while in England, petitioner attended courses at Worcester College at Oxford; (3) these courses furthered his ability of teaching English and advanced placement courses. Petitioner further testified that while in England, he and his wife stayed at Bruern Cottages and that he rented a Mazda RX-7 in order to get back and forth from Bruern Cottages to Worcester College.

Petitioner claims that the $33,785 miscellaneous deductions for job expenses incurred during taxable year 1999 were for the price of his and his wife's air fare to England, meals while in England, books purchased for the courses at Worcester College, the rental cost of the Mazda RX-7, and the price of the Bruern

Cottages rental. The only corroborating evidence in the record showing that petitioners did travel to England is a "Copy Statement" from Bruern Cottages reflecting a rental cost of £4,556 (United Kingdom currency, pounds), which petitioner requested in anticipation of litigation. Petitioner also testified that he asked for reimbursement for these expenses from his employer, the Chicago Department of Education. As of the time of trial, the Chicago Department of Education had refused to reimburse petitioner for said expenses.

We have taken into consideration petitioner's testimony and the "Copy Statement", and we conclude that petitioners have failed to satisfy the requirements of sections 162 and 274 as to all job expenditures claimed as miscellaneous deductions in the amount of $33,785. We find we cannot estimate any amounts of petitioners' deductions under the Cohan rule, and we sustain respondent's disallowance of petitioners' claimed miscellaneous deductions. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Even had petitioners substantiated their claimed miscellaneous deductions of $33,785 for expenses incurred during taxable year 1999, they still would not be permitted the deductions unless they demonstrated that the educational courses taken maintained or improved the skills required in petitioner's employment as a high school English teacher.

Whether education maintains or improves skills required by the taxpayer's employment is a question of fact. See <u>Boser v. Commissioner</u>, 77 T.C. 1124, 1131; <u>Schwartz v. Commissioner</u>, 69 T.C. 877, 889 (1978); <u>Baker v. Commissioner</u>, 51 T.C. 243, 247 (1968). The burden of proof is on the taxpayer. See Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u>; <u>Boser v. Commissioner</u>, <u>supra</u> at 1131; cf. sec. 7491. The fact that petitioner's education is helpful to him in the performance of his employment does not establish that its cost is deductible as a business expense. See <u>Carroll v. Commissioner</u>, 51 T.C. 213, 215 (1968), affd. 418 F.2d 91 (7th Cir. 1969). Petitioner must establish that there is a direct and proximate relationship between the Worcester courses and the skills required in his employment as a high school English teacher. See <u>Kornhauser v. United States</u>, 276 U.S. 145, 153 (1928); <u>Boser v. Commissioner</u>, <u>supra</u> at 1131. A precise correlation is not necessary, but the expenditure must enhance existing employment skills. See <u>Boser v. Commissioner</u>, <u>supra</u>. Petitioner's employer did not expressly require him to take the courses at issue. We therefore assess whether the Worcester College courses attended by petitioner maintained or improved his skills as a high school English teacher. See sec. 1.162-5(a), Income Tax Regs.

Petitioner has not provided specific examples of how his teaching skills were enhanced by the Worcester courses.

Petitioner did not provide any materials as evidence of the specific content of the English and advanced placement courses he taught or the Worcester courses. We find that petitioners have failed to demonstrate a connection between petitioner's attendance at the Worcester courses and his job as a high school English teacher. See Takahashi v. Commissioner, 87 T.C. 126 (1986) (taxpayers failed to demonstrate a connection between their attendance at a seminar in Hawaii on "Hawaiian Cultural Transition in a Diverse Society" and their jobs as science teachers). Thus, we conclude petitioner has failed to prove that the Worcester courses had a direct and proximate relationship to maintaining or improving his skills as a high school English and advanced placement teacher.

Since petitioner has failed to demonstrate that the Worcester courses had a direct and proximate relationship to maintaining or improving his skills as a high school English and advanced placement teacher, we need not determine whether the expenses incurred by petitioner in attending the Worcester courses were "ordinary and necessary" within the meaning of section 162(a).

Therefore, we disallow for lack of substantiation the claimed miscellaneous deductions of $33,785 for job expenses incurred during taxable year 1999.

5.  IRA Distribution

In the stipulation of facts, petitioner stipulated that during the taxable year 1999, Ella Joseph received a distribution in the amount of $1,493 from Bank One.  Petitioner testified that he did not know the source of the $1,493 distribution. Respondent contends that this distribution was reported to him from Bank One on a Form 1099-R, which reported this distribution as an IRA distribution to Ella Joseph and income to petitioners. Petitioners did not include this distribution in gross income on their jointly filed 1999 Federal income tax return.

Gross income includes all income from whatever source derived.  Sec. 61(a).  Section 61(b) specifically includes items included under section 72 (relating to annuities and IRAs).

As a general rule, amounts paid or distributed out of individual retirement plans, including IRAs, are included in gross income when received by the payee or distributee under provisions of section 72.  Sec. 408(d)(1).  The regulations provide in relevant part as follows:

> Except as otherwise provided in this section, any amount actually paid or distributed or deemed paid or distributed from an individual retirement account or individual retirement annuity shall be included in the gross income of the payee or distributee for the taxable year in which the payment or distribution is received.

Sec. 1.408-4(a)(1), Income Tax Regs.

As stated previously, petitioner does not dispute that Ella Joseph received the money from Bank One in 1999.  Petitioner does

not state any reason why petitioners did not include the distribution in their gross income in taxable year 1999, and petitioner does not claim any exception applies to this distribution. Therefore, we conclude that the $1,493 distribution from Bank One to Ella Joseph is income to petitioners, and we sustain respondent's inclusion of this amount in petitioners' gross income.

6. Accuracy-Related Penalty

As stated previously, respondent determined that petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) with respect to petitioners' disallowed deductions and unreported income.

Section 7491(c) provides that the Commissioner shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount. Specifically, section 7491(c), which was enacted by the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001(a), 112 Stat. 726, provides:

> SEC. 7491(c). Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title.

Section 7491(c) is effective with respect to court proceedings arising in connection with examinations commencing

after July 22, 1998.  RRA 1998 sec. 3001(c)(1), 112 Stat. 727.
There is no dispute that the examination in the present case
commenced after July 22, 1998.

Section 6662(a) imposes a 20-percent penalty on the portion
of any underpayment attributable to any of various factors, one
of which is negligence or disregard of rules or regulations.
Sec. 6662(b)(1).  "Negligence" includes any failure to make a
reasonable attempt to comply with the provisions of the Internal
Revenue Code, including failure to keep adequate books and
records or to substantiate items properly.  Sec. 6662(c); sec.
1.6662-4(b)(1), Income Tax Regs.  Section 6664(c)(1) provides
that the penalty under section 6662(a) shall not apply to any
portion of an underpayment if it is shown that there was
reasonable cause for the taxpayer's position and that the
taxpayer acted in good faith with respect to that portion.  The
determination of whether a taxpayer acted with reasonable cause
and in good faith is made on a case-by-case basis, taking into
account all the pertinent facts and circumstances.  Sec. 1.6664-
4(b)(1), Income Tax Regs.  The most important factor is the
extent of the taxpayer's effort to assess his or her proper tax
liability for the year.  Id.

Upon the basis of the record in this case, petitioners have
not pleaded that the accuracy-related penalty, pursuant to
section 6662(a) with respect to the disallowed deductions and

unreported income, was not properly determined by respondent. Even had petitioners contended that this penalty was not properly determined by respondent, we find nothing in the record to support such a contention. Respondent has shown that petitioners did not keep adequate books and records to properly substantiate their items claimed on their return, and thus petitioners failed to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Therefore, we find that petitioners were negligent in their filing of their tax return which reported an incorrect tax. Thus, we sustain respondent's determination with respect to the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

An appropriate order and decision will be entered under Rule 155.