T.C. Memo. 2010-152

UNITED STATES TAX COURT

NATHAN E. LANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20117-08.                    Filed July 14, 2010.

Nathan E. Lang, pro se.

<u>Michelle Maniscalco</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $8,153 for 2003, a failure to
file addition to tax pursuant to section 6651(a)(1) of $1,780,
and an accuracy-related penalty pursuant to section 6662(a) of

$1,631.[1]  The issues remaining to be decided relate to
petitioner's entitlement to deductions that he claimed on
Schedule A, Itemized Deductions, and Schedule C, Profit or Loss
From Business, of his return for the year in issue and whether he
is liable for the failure to file addition to tax pursuant to
section 6651(a)(1) and the accuracy-related penalty pursuant to
section 6662.[2]

### FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated.
The stipulations of fact are incorporated in this opinion by
reference and are found accordingly.

At the time the petition was filed, petitioner lived in
Woodside, New York.

On his 2003 Federal income tax return petitioner listed his
occupation as graphics.  Additionally, petitioner is a performing
artist who engages in "voice-over" and "on-camera" work.[3]

---

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code (Code), in effect for
the year in issue.  All amounts are rounded to the nearest whole
dollar.

[2]Respondent determined that petitioner is liable for self-
employment tax and allowed a corresponding self-employment tax
deduction in the notice of deficiency.  The self-employment tax
and its corresponding deduction are computational and will depend
on the Court's resolution of the issues discussed herein.

[3]On petitioner's Schedule C, he listed his business as
theater.  We interpret "theater" to include petitioner's voice-
(continued...)

Petitioner finds his voice-over and on-camera work through talent agencies nationwide. Normally, petitioner auditions for the voice-over work by recording the proposed job on his home studio equipment and then emailing the talent agency the digital files.

On Schedule A of his 2003 Federal income tax return petitioner claimed unreimbursed employee expenses of $15,700 as miscellaneous itemized deductions. Petitioner also claimed as miscellaneous itemized deductions expenses for union dues of $202 and tax preparation fees of $425. Petitioner claimed a total of $16,327 in miscellaneous itemized deductions on Schedule A. However, the total amount of petitioner's itemized deductions was reduced to $15,313 by the 2-percent-of-adjusted-gross-income limitation pursuant to section 67(a). In the notice of deficiency respondent disallowed petitioner's claimed miscellaneous itemized deductions of $15,313.[4]

On Schedule C of his 2003 return, petitioner claimed a deduction for meals and entertainment of $1,600.[5] Additionally,

---

[3](...continued)
over and on-camera work.

[4]On Form 5278, Statement - Income Tax Changes, attached to the notice of deficiency, respondent disallowed $15,313 of itemized deductions. However, on Form 886-A, Explanation of Items, attached to the notice of deficiency, respondent specifically disallowed the unreimbursed employee expenses of $15,700.

[5]On his return, petitioner failed to apply to this amount the 50-percent limitation of sec. 274(n)(1).

petitioner claimed on Schedule C a deduction for other expenses of $16,275.  Respondent denied all of petitioner's deductions for meals and entertainment expenses and other expenses.

Petitioner timely filed a petition with this Court.

OPINION

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Deductions are a matter of legislative grace, and generally taxpayers bear the burden of proving their entitlement to the deductions claimed.  Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Section 162(a) permits "as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  To be deductible, ordinary and necessary expenses must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs.  Additionally, section 212 generally allows deduction of ordinary and necessary expenses paid or incurred during the tax year for the production or collection of income.  Sec. 1.212-1(d), Income Tax Regs.  The deduction for trade or business expenses must be reasonable in amount and bear a reasonable and proximate relationship to the

production or collection of taxable income.  Id.  However, a taxpayer may not deduct personal expenses.  Sec. 262(a).

Generally, a taxpayer must keep records sufficient to establish the amounts of the items reported on his Federal income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We generally will not estimate a deductible expense, however, unless the taxpayer presents sufficient evidence to provide some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the Cohan doctrine for certain categories of expenses.  Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Generally, a deduction is disallowed for travel expenses, meals and entertainment, and listed property unless the taxpayer properly substantiates:  (1) The amount of such expense; (2) the time and place of the expense; (3) the business purpose; and (4) in the case of meals and entertainment, the business relationship between the taxpayer and the persons being entertained.  Sec.

274(d). Section 280F(d)(4) includes cellular telephones as listed property. Generally, deductions for expenses subject to the strict substantiation requirements of section 274(d) must be disallowed in full unless the taxpayer satisfies every element of those requirements. Sanford v. Commissioner, supra at 827-828; Larson v. Commissioner, T.C. Memo. 2008-187; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Deductions for listed property that is used both personally and in the taxpayer's business are disallowed unless a taxpayer establishes the amount of business use of the property. Kinney v. Commissioner, T.C. Memo. 2008-287; Olsen v. Commissioner, T.C. Memo. 2002-42, affd. 54 Fed. Appx. 479 (9th Cir. 2003); sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Taxpayers may substantiate their deductions by either adequate records or sufficient evidence that corroborates the taxpayer's own statement. Sec. 274(d). To satisfy the adequate records requirement, a taxpayer must maintain records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use. Larson v. Commissioner, supra; sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). A contemporaneous log is not required, but corroborative evidence used to support a taxpayer's reconstruction of the expenditure "'must have a high

degree of probative value to elevate such statement'" to the level of credibility of a contemporaneous record. <u>Larson v. Commissioner</u>, <u>supra</u> (quoting section 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

In the absence of adequate records, a taxpayer may alternatively establish an element of an expenditure by "his own statement, whether written or oral, containing specific information in detail as to such element" and by "other corroborative evidence sufficient to establish such element." <u>Larson v. Commissioner</u>, <u>supra</u>; sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). However, we do not estimate under the <u>Cohan</u> doctrine expenses that are subject to the requirements of section 274(d). <u>Sanford v. Commissioner</u>, <u>supra</u> at 827; <u>Larson v. Commissioner</u>, <u>supra</u>.

Petitioner contends that the burden of proof regarding the substantiation of his expenses should be placed on respondent pursuant to section 7491(a). Section 7491(a) does not alter the taxpayer's burden of proof where the taxpayer has not complied with all substantiation requirements, including those of section 274(d), and where the taxpayer has not maintained all records required by the Code. Sec. 7491(a)(2)(A) and (B); see also <u>Higbee v. Commissioner</u>, 116 T.C. 438, 442-443 (2001). Additionally, the burden of proof is determinative only when there is an evidentiary tie. <u>Knudsen v. Commissioner</u>, 131 T.C.

185, 189 (2008). When there is an evidentiary tie, we consider whether petitioner introduced credible evidence on that issue in order to shift the burden of proof. However, most of the issues can be decided on the basis of the record in the instant case.[6]

Petitioner claimed deductions on Schedule A for union dues of $202, unreimbursed employee business expenses of $15,700, and tax preparation fees of $425, for a total miscellaneous itemized deduction expense of $16,327. After the 2-percent-of-adjusted-gross-income limitation was applied pursuant to section 67(a), the amount deducted was $15,313. The total amount of $15,313 was disallowed by respondent in the Form 5278, Statement - Income Tax Changes, attached to the notice of deficiency. However, the Form 886-A, Explanation of Items, attached to the notice of deficiency, mentions only unreimbursed employee expenses. Additionally, at trial respondent did not dispute the deductibility of the union dues or the tax preparation fees. Accordingly, we deem the deductibility of the union dues and the tax preparation fees conceded by respondent.[7]

---

[6]Petitioner's claimed deduction for cellular telephone expenses is subject to the heightened substantiation requirements of sec. 274(d). Petitioner has offered limited substantiation, but it does not meet the requirements of sec. 274(d). Accordingly, sec. 7491(a)(1) does not apply to petitioner's claim to this deduction. See sec. 7491(a)(2)(A).

[7]To the extent that petitioner claimed additional tax preparation fees at trial, petitioner failed to substantiate any amount above the $425 that we deem conceded by respondent.

(continued...)

As to petitioner's claimed unreimbursed employee business expenses, they include expenses for uniforms of $920, shoes of $640, uniform cleaning of $2,250, emergency cab fares of $1,860, professional books and catalogs of $520, tuition of $2,830, educational books and supplies of $2,780, supplies and equipment of $3,760, and telephone service of $740.[8] Petitioner testified that the receipts he offered were for his Schedule C business expenses. Petitioner failed to offer testimony or documentary evidence specifically relating to his unreimbursed employee business expenses that he claimed on Schedule A. Accordingly, we sustain respondent's determination denying petitioner's deduction for unreimbursed employee business expenses claimed on Schedule A.

On Schedule C petitioner claimed a deduction for meals of $1,600. Petitioner testified that he claimed meals expenses of

_____

[7](...continued)
Petitioner provided a receipt for tax preparation fees from 2001 and claimed that his tax preparation fees for 2003 must have been higher. However, such speculative evidence is inadequate for us to make an estimate of additional tax preparation expenses beyond those conceded by respondent for tax year 2003. See Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

[8]As noted above, petitioner listed his occupation on his Form 1040, U.S. Individual Income Tax Return, as graphics. Additionally, petitioner is a performing artist who engages in "voice-over" and "on-camera" work. The record does not establish that petitioner was employed for purposes of the claimed expenses; however, even if those expenses should have been classified as Schedule C expenses, petitioner has failed to show that he is entitled to any deduction for them.

$15 a day relating to a play for which he volunteered his services. Petitioner testified that his involvement was for the 3 days that the play was performed, December 12, 13, and 14, and for 1 hour every Tuesday from September 16 through December 9, 2003 for rehearsals. Generally, expenses for meals away from home must meet the heightened substantiation requirements of section 274(d). However, unreimbursed expenditures, including expenses for meals while away from home, made incident to the rendition of services to a charitable organization may constitute a charitable contribution deduction. Sec. 1.170A-1(g), Income Tax Regs. Petitioner failed to offer any documentary evidence or testimony adequate to substantiate his meals expenses that relate to the play under either section 274(d) or section 1.170A-1(g), Income Tax Regs. Petitioner's testimony does not prove that the expenses for meals were incurred while he was "away from home" or prove that his volunteer work was in service to a qualifying donee of tax-deductible contributions.[9] See sec. 274(d); sec. 1.170A-1(g), Income Tax Regs. Additionally, petitioner failed to offer any testimony or documentary evidence for meals expenses greater than those relating to the play. Accordingly, we sustain

---

[9]Petitioner provided an advertisement for the play in which he was involved. On the advertisement, the organization, the 52nd Street Project, claims to be a "non-profit organization". Petitioner failed to prove that the 52nd Street Project meets the requirements of sec. 170(c)(2).

respondent's denial of a deduction for meals claimed on petitioner's Schedule C.

On Schedule C petitioner also claimed a deduction for other expenses of $16,275. Expenses included in that amount are for postage of $684, books and stationery of $620, supplies of $1,891, actor's miscellaneous items of $5,320, telephone and cellular telephones of $2,670, studio expenses of $3,410, and training workshops of $1,680.

Petitioner contends that we can use his limited substantiation to make an estimation of his Schedule C expenses, pursuant to the Cohan doctrine. However, petitioner failed to specify which of the receipts that he offered substantiate the particular expenses claimed on Schedule C. Some of his substantiation fits neatly into the categories claimed on Schedule C, such as cellular telephone expenses that fit into his claimed deduction for telephone and cellular telephones, while others, such as expenses for trade newspapers, do not fit into a specific category but could belong in multiple categories, such as claimed deductions for books and stationery, supplies, actor's miscellaneous expenses, or studio expenses. Accordingly, we will analyze petitioner's substantiation by individual receipts and then determine whether any further estimation, pursuant to the Cohan doctrine, is warranted.

According to petitioner's testimony, he purchased weekly and monthly trade newspapers that contained detailed industry information as well as casting calls. Petitioner testified that he purchased Ross Reports, monthly for $8 per issue, and Backstage, weekly for $2 per issue. Petitioner offered two receipts for Ross Reports which show a cost of $8 per issue during tax year 2003. On the basis of the foregoing, we conclude that petitioner may deduct $96 for Ross Reports magazine, which we conclude is an ordinary and necessary business expense. See Cohan v. Commissioner, 39 F.2d at 543-544. However, petitioner failed to provide evidence substantiating any payments for issues of Backstage, and we, therefore, sustain respondent's disallowance of a deduction for that publication.

Petitioner offered a receipt for $34 for the transfer of a recorded audition from video tape to a digital video disc (DVD). According to petitioner's testimony, he transferred the audition to a DVD so that it could be easily viewed by producers and casting directors.[10] On the basis of the foregoing, we conclude that petitioner's expenses for the video-to-DVD transfer are ordinary and necessary expenses of petitioner's voice-over business. Consequently, we hold that petitioner may deduct $34 for the media transfer.

---

[10]Petitioner offered the original tape and a copy of the DVD.

Petitioner also claimed $22 per day for local transportation expenses for the play, discussed above, for which he volunteered his services.  Generally, commuting expenses between the taxpayer's residence and place of business are personal expenses, and, therefore, are nondeductible.  Sec. 262(a); sec. 1.262-1(b)(5), Income Tax Regs.  However, taxpayers are allowed a deduction for unreimbursed transportation expenses incident to the performance of charitable services as long as there is not a significant element of personal pleasure, recreation, or vacation in such travel.  Sec. 170(j); Cavalaris v. Commissioner, T.C. Memo. 1996-308; sec. 1.170A-1(g), Income Tax Regs.  As proof of his eligibility for the transportation expenses, petitioner offered solely his testimony.  As noted above, petitioner failed to prove that his services were performed for a qualified donee of tax-deductible contributions.  We, therefore, sustain respondent's disallowance of petitioner's transportation expenses.

Petitioner testified that he spent $700 on the design of his Internet Web site.  Petitioner offered printouts of his Web site as proof of the design expenses.  However, petitioner failed to provide any documentary evidence showing the amount paid, or, if it was paid, when it was paid.  See Vanicek v. Commissioner, 85 T.C. at 743.  Additionally, given petitioner's overall lack of substantiation, we give little credence to his testimony

regarding the cost of his Internet Web site.  We, therefore, sustain respondent's disallowance of petitioner's claimed expense for Internet Web site design.

As to petitioner's claimed expenses for cellular telephone, such expenses are subject to heightened substantiation requirements.  See secs. 274(d), 280F(d)(4).  Petitioner's bank statements reveal monthly charges from AT&T Wireless, and he testified that 40 percent of his cellular telephone use was for business purposes, for a total of $453.  However, petitioner failed to provide adequate records or other sufficient evidence to corroborate his claimed 40-percent business use.  See sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  We conclude that petitioner has failed to meet the heightened substantiation requirements for his cellular telephone expenses and, therefore, sustain respondent's determination as to those expenses.

As to petitioner's landline telephone and Internet service provider expenses, according to petitioner's testimony the claimed expenses were "70 to 80%" for business purposes. Additionally, petitioner testified that the total amounts of landline telephone expenses and Internet service provider expenses were documented through his bank statements.  However, a review of petitioner's bank statements reveals two separate charges from RCN listed as being for cable, Internet, and phone

services for a total of $205.[11]  Petitioner failed to offer any evidence of the cost of cable, which would be a nondeductible personal expense pursuant to section 262(a), as opposed to his Internet and telephone costs, which would, if anything, be mixed personal and business expenses.  We will not estimate a deductible expense unless the taxpayer presents sufficient evidence to provide some basis upon which an estimate may be made.  Vanicek v. Commissioner, supra at 743.  Additionally, any expense for basic local telephone service with respect to the first telephone line to a residence is treated as a nondeductible personal expense.  Sec. 262(b).  On the basis of the foregoing, we sustain respondent's denial of petitioner's deduction for landline telephone expenses and Internet service expenses.

Petitioner offered pictures of his audio equipment used in his voice-over business.  However, petitioner failed to provide testimony or documentation regarding the costs of the audio equipment.  Accordingly, we sustain respondent's denial of a

---

[11]On Oct. 17, 2003, petitioner paid RCN $94, and on Dec. 10, 2003, petitioner paid RCN $111.

The Court has characterized Internet service provider expenses as utility expenses.  Verma v. Commissioner, T.C. Memo. 2001-132.  Strict substantiation therefore does not apply, and the Court may estimate a taxpayer's deductible expenses, provided that the Court has a reasonable basis for making an estimate. Vanicek v. Commissioner, 85 T.C. at 743.

deduction for his audio equipment.[12]  See <u>Vanicek v.</u>

<u>Commissioner</u>, <u>supra</u> at 743.

Petitioner also claimed deductions for various classes.[13]

According to petitioner's testimony, he attended Saturday morning

voice-over copy reading classes with Jennifer Duckworth and Kevin

Taylor from 10 a.m. to 12 noon, and Saturday afternoon skill

study and technique concentration classes at HB Studios from 1

p.m. until 5 p.m.  Expenditures made by a taxpayer for education

are deductible, with certain exceptions not relevant here,[14] if

the education either:

> (1) Maintains or improves skills required by the
> individual in his employment or other trade or business; or

> (2) Meets the express requirements of the individual's
> employer, or the requirements of applicable law or
> regulations, imposed as a condition to the retention by the
> individual of an established employment relationship,
> status, or rate of compensation.

---

[12]Petitioner's audio equipment appears to include computers and computer peripheral equipment.  See sec. 280F(d)(4).  Such property would be "listed property" subject to the heightened substantiation requirements of sec. 274(d).  However, because petitioner's expenses for audio equipment fail to meet general substantiation requirements, we need not address whether they would have met the requirements of sec. 274(d).

[13]Petitioner testified that these receipts substantiated his expenses for "performing classes and expenses"; however, this category does not appear on petitioner's return.

[14]The classes do not qualify petitioner for a new trade or business.  Thus, deductions associated with the classes are not prohibited under sec. 1.162-5(b), Income Tax Regs.

Sec. 1.162-5(a), Income Tax Regs.  Whether education maintains or improves skills required by the taxpayer in his business is a question of fact.  Boser v. Commissioner, 77 T.C. 1124, 1131 (1982), affd. without published opinion (9th Cir., Dec. 22, 1983); Joseph v. Commissioner, T.C. Memo. 2005-169.  The fact that a taxpayer's education is helpful to him in the performance of his duties does not establish that its cost is a deductible business expense.  Joseph v. Commissioner, supra.  Taxpayers must show that there is a direct and proximate relationship between the education expenses and the skills required in their business; however, a precise correlation is not necessary.  Boser v. Commissioner, supra at 1131.

Petitioner testified that the classes are essential to continued improvement of skills required in his business as a performing artist.  According to petitioner:  "one of the requirements for artists, for continuing employment, is steady work with auditioning, performing, training, and self-improvement."  Accordingly, we conclude that petitioner's participation in the classes maintained or improved his skills. Additionally, petitioner testified that the classes occurred weekly and that they were helpful.  See Boser v. Commissioner, supra at 1132-1133; Ford v. Commissioner, 56 T.C. 1300, 1305-1307 (1972), affd. per curiam 487 F.2d 1025 (9th Cir. 1973); sec.

1.262-1(b)(9), Income Tax Regs. ("Expenditures * * * are not deductible unless they qualify under section 162 and § 1.162-5 [, Income Tax Regs.]").  On the basis of the foregoing, we conclude that petitioner's expenses for the classes are ordinary and necessary business expenses and petitioner should be allowed a deduction for those expenses to the extent that he has substantiated them.

Petitioner offered receipts for the voice-over classes bearing dates from calendar year 2001.  However, petitioner failed to offer any documentation that corroborates his testimony regarding the cost of the voice-over classes for the year in issue.  We will not estimate deductible expenses unless the taxpayer offers sufficient evidence to provide some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. at 743.  Accordingly, we sustain respondent's determination regarding the voice-over classes.

As to the classes at HB Studios, petitioner provided receipts totaling $248 for the year in issue.  We conclude that these receipts and petitioner's testimony are sufficient to substantiate a deduction of $248.  However, the record contains no evidence of the costs of individual classes.  Petitioner testified that he occasionally prepaid for the classes so that he would not have to pay for them in cash.  We will not estimate deductible expenses unless the taxpayer offers sufficient

evidence to provide some basis upon which an estimate may be made.  Id.  Accordingly, on the basis of the foregoing receipts, we conclude that petitioner may deduct $248 for classes at HB Studios.

Petitioner also offered receipts for various acting books purchased at Drama Books.  According to petitioner's testimony, the books were used in the voice-over classes discussed above.  Accordingly, we conclude that petitioner should be allowed to deduct $67 for books purchased at Drama Books used in his voice-over classes.

As to the remaining expenses not specifically discussed above, petitioner contends that we may use the limited substantiation he offered to estimate his expenses under the Cohan doctrine.  However, as discussed above, petitioner failed to specify which of the receipts that he offered substantiate the particular expenses claimed on Schedule C.  Indeed, petitioner failed to provide the Court with any evidence as to how he arrived at the numbers he claimed as deductions on Schedule C.  We will not estimate deductible expenses unless the taxpayer offers sufficient evidence to provide some basis upon which an estimate may be made.  Vanicek v. Commissioner, supra at 743.  Accordingly, we sustain respondent's denial of deductions for other expenses claimed on Schedule C beyond those specifically allowed above.

As to the failure to file addition to tax, section 6651(a)(1) imposes an addition to tax for failure to file a return by the date prescribed (determined with regard to any extension of time for filing). The addition to tax is 5 percent of the ultimately determined tax if the failure to file does not exceed 1 month, with an additional 5 percent per month for each month the failure continues, up to a maximum of 25 percent. Id. However, the failure to file addition to tax is not imposed if the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. Id. To prove reasonable cause, the taxpayer must show that he exercised ordinary business care and prudence but nevertheless could not file the return when it was due. See Crocker v. Commissioner, 92 T.C. 899, 913 (1989). Respondent bears the burden of production pursuant to section 7491(c), and petitioner bears the burden of proof. See Higbee v. Commissioner, 116 T.C. at 446.

Petitioner admitted failing to file a timely return. Accordingly, respondent has met his burden of production. Petitioner testified that he relied on his tax return preparer to timely file his return or request an extension. However, petitioner's reliance on his tax return preparer to timely file his return is not reasonable. No particular expertise is necessary to know that returns are due at prescribed times. See United States v. Boyle, 469 U.S. 241, 251 (1985). Consequently,

we hold that petitioner is liable for the failure to file addition to tax pursuant to section 6651(a)(1).

As to the substantial understatement penalty, section 6662(a) and (b)(2) imposes a penalty of 20 percent on the portion of an underpayment of tax attributable to a substantial understatement of income tax.[15]  A substantial understatement of income tax is defined as an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the tax return or $5,000.  Sec. 6662(d)(1)(A).  The understatement is reduced to the extent that the taxpayer has (1) adequately disclosed his or her position and has a reasonable basis for such position or (2) has substantial authority for the tax treatment of the item.  Sec. 6662(d)(2)(B).

The accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1).  The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all of the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith

---

[15]"Understatement" means the excess of the amount of the tax required to be shown on the return over the amount of the tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A).

reliance on the advice of a professional such as an accountant. Id. Furthermore, an honest misunderstanding of fact or law that is reasonable in the light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith. See Remy v. Commissioner, T.C. Memo. 1997-72.

On his 2003 return petitioner reported total tax due of $3,321. The record establishes that the total amount of tax due from petitioner exceeds the $3,321 reported. Given the deductions conceded by respondent and allowed in the instant proceeding, the understatement may or may not be greater than $5,000.[16] If the understatement is greater than $5,000, as determined given our holdings above, respondent will have met his burden of production and petitioner will be liable for the understatement penalty unless he can show reasonable cause, reasonable basis, or substantial authority.

Petitioner testified that he relied on the advice of his tax return preparer as to his claimed deductions and that his lack of substantiation was due to the loss of many of his receipts through no fault of his own. While a taxpayer's reliance on the specific advice of a tax return preparer may constitute reasonable cause, petitioner has failed to offer testimony or evidence regarding the qualifications of his tax return preparer

_____

[16]We therefore order below that the decision will be entered under Rule 155.

or the specific advice he relied upon.  See sec. 1.6664-4(b)(2), Example (1), Income Tax Regs.  Petitioner's general statements that he relied on his tax return preparer are not sufficient to prove a reasonable basis, substantial authority, or reasonable cause for his disallowed deductions.  Secs. 6662(d)(2)(B), 6664(c)(1).  Petitioner testified that he lost a portion of his receipts for his claimed deductions during June 2003.  However, petitioner provided limited substantiation of expenses incurred after June 2003.  Additionally, his efforts at re-creating his expenses incurred before June 2003 were inadequate.  Consequently, we hold that petitioner is liable for the accuracy-related penalty pursuant to section 6662(a) for taxable year 2003 if the understatement of his income tax exceeds $5,000.

The Court has considered all other arguments made by the parties and, to the extent we have not addressed them herein, we consider them moot, irrelevant, or without merit.

On the basis of the foregoing,

Decision will be entered under Rule 155.