T.C. Summary Opinion 2007-27


UNITED STATES TAX COURT


LORENZO BATTLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17617-05S.               Filed February 26, 2007.


Lorenzo Battle, pro se.

<u>Frederick C. Mutter</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Unless otherwise indicated,
all subsequent section references are to the Internal Revenue
Code in effect for the year in issue, and all Rule references are
to the Tax Court Rules of Practice and Procedure.  The decision

to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2002 a deficiency in petitioner's Federal income tax of $6,777, an addition to tax under section 6651(a)(1) of $394.25, and an accuracy-related penalty under section 6662(a) of $1,355.40.

The issues for decision are whether petitioner:  (1) Is entitled to deductions for charitable contributions, (2) is entitled to deductions for employee business expenses, (3) is entitled to deductions for business-related expenses in excess of amounts respondent allowed, (4) is liable for an addition to tax under section 6651(a)(1), and (5) is liable for an accuracy-related penalty under section 6662(a).

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petition in this case was filed, petitioner resided in Danbury, Connecticut.

During 2002, petitioner was employed full time by the City of Yonkers as a firefighter and arson investigator.  In addition, petitioner operated a business called Zomans Productions, of which he is the president and founder.  Zomans Productions, among other things, produces digital movies, videos, and graphics.

Petitioner used the address of his residence as the business address of Zomans Productions in 2002.

Petitioner filed for 2002 a Form 1040, U.S. Individual Income Tax Return, which he prepared using tax preparation software. Respondent did not receive the 2002 return until April 19, 2004.

On Schedule A, Itemized Deductions, petitioner claimed deductions for charitable contributions of $3,549 and a "maintenance fee" of $430. Petitioner also reported on Schedule A employee business expenses of $3,995.[1] Of that amount, petitioner claimed deductions of $2,892 after taking into account the 2-percent floor of section 67. In the statutory notice of deficiency, respondent disallowed for lack of substantiation the deductions claimed on Schedule A.

On Schedule C, Profit or Loss From Business, petitioner claimed deductions for: (1) Car and truck expenses of $4,910, (2) office expenses of $2,715, (3) travel expenses of $1,540, (4) meals and entertainment expenses of $625,[2] (5) other expenses of $5,200, and (6) home office expenses of $4,030. In the notice of

---

[1]During the audit of the return, respondent determined that the "maintenance fee" of $430 was a miscellaneous itemized deduction under sec. 67. Therefore, petitioner's claimed employee business expenses were increased to $4,425. Of this amount, respondent determined that petitioner would claim deductions of $3,322 after applying sec. 67.

[2]Petitioner claimed meal expenses in the total of $1,250, which he reduced by 50 percent as required by sec. 274(n).

deficiency, respondent allowed deductions of $122 for office expenses and $672 for other expenses claimed on Schedule C. Respondent disallowed the balance of the deductions claimed on Schedule C for lack of substantiation.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not present evidence or argument that he satisfied the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

Tax deductions are a matter of legislative grace with a taxpayer bearing the burden of proving entitlement to the deductions claimed. Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction. See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A.  Deductions Claimed on Schedule A

    1.  Charitable Contributions

Section 170 allows a deduction for a charitable contribution during the year if the contribution is verified as provided in the regulations.  Sec. 170(a)(1).  A charitable contribution includes a contribution or gift to or for the use of an organization described in section 170(c) within a taxable year.

    a.  Cash Contributions

Petitioner claimed deductions in the sum of $3,084 for contributions of cash to various charitable organizations in 2002.  Each cash contribution, except for two, was under $250.  Respondent concedes that petitioner has substantiated contributions of $35.  At issue is whether petitioner is entitled to deductions for the balance of the cash contributions.

Petitioner does not dispute that cash contributions greater than $250 require substantiation.  But petitioner argues that for cash contributions under $250, receipts are not required "according to statute".  He therefore concludes that he is entitled to deductions for all cash contributions under $250, even in the absence of receipts from the donee organizations.

The Court assumes that the "statute" upon which petitioner relied was section 170(f)(8).  Under section 170(f)(8), a taxpayer must comply with certain substantiation requirements to deduct any charitable contribution of $250 or more.  Petitioner

apparently reasoned that for charitable contributions of less than $250, it follows that a written acknowledgment from the donee organizations was not required.

Petitioner's reliance solely on section 170(f)(8) is misplaced because that section merely makes more stringent the substantiation requirements for any charitable contribution of $250 or more. The substantiation rules governing all cash contributions are set forth under section 1.170A-13(a)(1), Income Tax Regs. The regulations provide that if the taxpayer makes a charitable contribution of money, the taxpayer must maintain for each contribution either a canceled check, a receipt, a letter or other communication from the donee charitable organization, or other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution. See Bradley v. Commissioner, T.C. Memo. 1996-461 (disallowing deductions for cash gifts that were not substantiated by canceled checks or receipts); Hammann v. Commissioner, T.C. Memo. 1996-160 (same); sec. 1.170A-13(a)(1), Income Tax Regs.

Petitioner did not present any receipts or documentation from the donee charitable organizations. Petitioner is therefore not entitled to deductions for cash contributions in excess of the amount respondent conceded.

b.    Noncash Contributions

Petitioner claimed deductions for noncash contributions of $220 to "D.A.R.E. - Clothing Drop-Off" and $245 to "X-mas Toys for Kids (Local 628)" in 2002.  To the extent that petitioner relied on section 170(f)(8) to argue that substantiation is not required for noncash contributions under $250, his argument also fails.

The substantiation rules governing charitable contribution of property other than money are set forth under section 1.170A-13(b), Income Tax Regs.  The donor must maintain for each contribution a receipt from the donee organization.  Sec. 1.170A-13(b)(1), Income Tax Regs.  The receipt must contain the name of the donee, the date and location of the contribution, and a description of the property in detail reasonably sufficient under the circumstances.  Id.  If it is impractical to obtain a receipt (e.g., because property is deposited at a charity's unattended drop site), the taxpayer must maintain reliable written records with respect to each item of donated property.  Id.

Petitioner has not provided any receipts from the donee organizations, nor has he maintained any reliable written records.  Petitioner therefore is not entitled to deductions for the noncash contributions.

Accordingly, respondent's determination disallowing deductions for charitable contributions, to the extent not conceded, is sustained.

2.  <u>Employee Business Expenses</u>

Petitioner reported employee business expenses of $3,995 for 2002.  Of this amount, respondent concedes that petitioner has substantiated expenses of $555.63.  At issue is whether petitioner is entitled to deductions for the remaining claimed employee business expenses.

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Services performed by an employee constitute a trade or business.  <u>O'Malley v. Commissioner</u>, 91 T.C. 352, 363-364 (1988); sec. 1.162-17(a), Income Tax Regs.  The employee must show the relationship between the expenditures and the employment.  See <u>Joseph v. Commissioner</u>, T.C. Memo. 2005-169.  Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses.  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs.

Petitioner claimed "physical fitness dues" of $720 on Schedule A as an employee business expense.  In support, petitioner presented a gym membership agreement showing that he paid a gym membership fee of $708 in 2002.  Respondent argues

that the gym membership fee is not an ordinary or necessary expense of petitioner's employment as a firefighter and arson investigator or as the president of Zomans Productions.

Petitioner argues that the gym membership fee was an ordinary and necessary expense of his employment as a professional firefighter. Petitioner contends that fitness is mandatory since a healthy body is important to the performance of his duties as a firefighter. Petitioner succinctly explained: "my tool is my body."

Under section 262(a), no deductions are allowed for personal, living, or family expenses. Moreover, section 262 takes precedence over section 162. Sharon v. Commissioner, 66 T.C. 515, 522-523 (1976), affd. 591 F.2d 1273 (9th Cir. 1978). The taxpayer must demonstrate that the expenses were different from or in excess of what he would have spent for personal purposes. Sutter v. Commissioner, 21 T.C. 170, 173 (1953); Tschetter v. Commissioner, T.C. Memo. 2003-326; see also Moss v. Commissioner, 80 T.C. 1073, 1078 (1983) (finding that daily meals are an inherently personal expense, and a taxpayer bears a heavy burden to prove that the meals are routinely deductible), affd. 758 F.2d 211 (7th Cir. 1985).

A gym membership fee is an inherently personal expense. It is desirable to be physically fit regardless of one's profession. Petitioner has not offered any evidence to show that his gym

expenses were different from or were in excess of what he would have spent for personal reasons. In addition, petitioner has not offered any evidence to substantiate his remaining employee business expenses.

Accordingly, respondent's determination disallowing petitioner's employee business expenses, to the extent not conceded, is sustained.

B. Deductions Claimed on Schedule C

Under section 162, a taxpayer may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business if the taxpayer maintains sufficient records to substantiate the expenses. Sec. 162(a); see sec. 6001; Deputy v. du Pont, 308 U.S. 488, 495 (1940).

1. Expenses Required To Be Substantiated Under Section 274(d)

In addition to satisfying the criteria for deductibility under section 162, certain categories of expenses must also satisfy the strict substantiation requirements of section 274(d) before those expenses will be allowed as deductions. See secs. 274(d), 280F(d)(4). Expenses subject to the strict substantiation requirements of section 274(d) include passenger automobiles, meals and entertainment, traveling, and cellular telephones. Secs. 274(d), 280F(d)(4)(A)(i), (v).

The taxpayer must substantiate the amount, time, place, and business purpose of the expenditures and must provide adequate

records or sufficient evidence to corroborate his own statement. See sec. 274(d); sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). In order to meet the "adequate records" requirements, a taxpayer is to maintain an account book, diary, statement of expenses, or similar record and documentary evidence (such as receipts, paid bills, or similar evidence) which, when combined, establish each element of the expense that section 274(d) requires to be established. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner presented as evidence bank statements for 2002. Petitioner also presented a spreadsheet that he prepared, summarizing and sorting business expenses paid in 2002 according to category. Respondent agrees that the amounts shown on the spreadsheet match the amounts stated in the bank statements. Therefore, the amounts of the expenses, to the extent set forth in the spreadsheet, are not in dispute.

### a. Car and Truck Expenses

Petitioner claimed deductions of $4,910 for car and truck expenses. Petitioner indicated on the spreadsheet that he paid car insurance of $1,300.30 and attributed half of that amount to Zomans Productions. Petitioner has not shown that the car insurance was for a business rather than a personal purpose.

Since petitioner did not provide any other substantiation, he is not entitled to deductions for car and truck expenses.

b.    Meals and Entertainment Expenses

Petitioner claimed deductions of $1,250 for meals and entertainment expenses, before the application of section 67. Petitioner indicated on the spreadsheet that he paid $466.09 for meals in connection with Zomans Productions.  Petitioner contends that he met regularly with four or five clients.  Petitioner presented a 2002 calendar which he claims noted the dates when he took a client to lunch or dinner.  The calendar, however, did not make any cross-references to the spreadsheet, and the Court is therefore unable to determine when the expenses were paid. Moreover, the calendar failed to specify, as required by the regulations, who the clients were, the nature of the clients' business relationship with petitioner, the business purpose of the meals, and the locations of the meals.  See sec. 1.274-5T(b)(3), (c), Temporary Income Tax Regs., 50 Fed. Reg. 46015, 46016 (Nov. 6, 1985).

The Court finds that the evidence petitioner presented is insufficient to satisfy the strict substantiation requirements of section 274(d).  Since petitioner did not provide any other substantiation, he is not entitled to deductions for meals and entertainment expenses.

c.   <u>Travel Expenses</u>

Petitioner claimed deductions of $1,540 for travel expenses.
Petitioner indicated on the spreadsheet, under the category of
miscellaneous, that he paid travel expenses of $897.71 in
connection with Zomans Productions.  Petitioner also indicated
that he paid toll charges of $161.05 with his EZ Pass and
attributed half of that amount to Zomans Productions.  Petitioner
claims that these travel expenses were for trips to Miami,
Florida, and Ocean City, Maryland, for the purpose of shooting
stock footage for his movie production business.

Petitioner testified that his Miami trip had a "dual role".
The second purpose of the trip was to attend a student
conference.  The student conference was unrelated to petitioner's
business, but he claims to have shot some footage at the
conference for use in a possible project.  Petitioner provided
receipts for the Miami trip but not for the Ocean City trip.  The
receipts for Miami show that some of the travel expenses were
incurred by another individual.  No information, however, was
provided regarding that individual.

The Court has reviewed petitioner's evidence and finds that
it is insufficient to satisfy the strict substantiation
requirements of section 274(d).  See sec. 1.274-5T(b)(2),
Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Moreover, petitioner has failed to show that the travel expenses were for a business and not a personal purpose.

Accordingly, respondent's determinations disallowing deductions for expenses relating to car and truck, meals and entertainment, and traveling are sustained.

2. Office Expenses

Petitioner claimed deductions of $2,715 for office expenses. In the notice of deficiency, respondent allowed a deduction of $122. Subsequently, respondent conceded an additional deduction of $842.54 based on receipts petitioner provided substantiating office expenses in that amount.

At trial, petitioner failed to offer any additional documentation to substantiate the remaining claimed office expenses. Accordingly, respondent's determination disallowing office expenses, to the extent not conceded or previously allowed, is sustained.

3. Other Expenses

Petitioner claimed deductions of $5,200 for other expenses, consisting of: (1) Clothes of $1,100, (2) dry cleaning of $340, (3) books of $560, and (4) classes of $3,200. In the notice of deficiency, respondent allowed a deduction of $672 as an education expense. At trial, petitioner conceded that he was not entitled to claim deductions for his clothes and dry cleaning because they were personal expenses.

Petitioner argues that in order to "fine-tune" his career as a movie maker, he attended classes at Westchester Community College. Petitioner's testimony is supported by receipts from the college totaling $1,028.50 for classes relating to motion graphics, computer photo imaging, and digital video. The parties stipulated a receipt for a book entitled "Photoshop 7 Down and Dirty Tricks" for $36.97 and a receipt for a registration fee of $75 for a professional conference targeting video production enthusiasts.

The Court finds that petitioner is entitled to claim deductions of $1,103.50 for his classes as an education expense and $36.97 as a book expense. Petitioner provided substantiation for no other business expenses. Therefore, the balance of petitioner's other expenses, to the extent not previously allowed, is disallowed.

4. Business Use of Home

Section 280A(a) denies deductions with respect to the use of a dwelling unit which was used by the taxpayer as a residence during the taxable year. As an exception to the general rule, section 280A(c)(1)(A) permits the deduction of expenses allocable to a portion of the dwelling unit which was used exclusively and regularly as the principal place of business for the taxpayer's trade or business.

In order for a taxpayer to establish use on a "regular" basis, the business use must be more than occasional or incidental.  Irwin v. Commissioner, T.C. Memo. 1996-490, affd. without published opinion 131 F.3d 146 (9th Cir. 1997); Hefti v. Commissioner, T.C. Memo. 1993-128.  A taxpayer "exclusively" uses a portion of his dwelling in a trade or business if the portion in question is not used for other than business purposes.  Irwin v. Commissioner, supra; Hefti v. Commissioner, supra.  The use of a portion of a dwelling unit both for personal purposes and for the carrying on of a trade or business does not meet the exclusive use test.  See Sengpiehl v. Commissioner, T.C. Memo. 1998-23; Hefti v. Commissioner, supra.

Petitioner claimed deductions of $4,030 for home office expenses paid in connection with Zomans Productions.  Petitioner provided a diagram of his apartment in which he designated one room as a "studio area" and another as an "office" for his movie production business.  In order to access the living room, the bedroom, or the bathroom, petitioner must go through one of the designated areas.  It is well established that the Court is not required to accept a taxpayer's self-serving testimony in the absence of corroborating evidence.  See Niedringhaus v. Commissioner, 99 T.C. 202, 219 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Other than petitioner's testimony, there

is no evidence that petitioner used the designated areas exclusively for his business.

Petitioner also failed to offer any evidence regarding the amount of time and the nature of the work conducted at his home to establish regular use. Therefore, petitioner's apartment does not qualify as a home office. Respondent's determination disallowing deductions for home office expenses is sustained.

C. Late Filing Addition to Tax

Respondent determined an addition to tax under section 6651(a)(1) for 2002, asserting that petitioner failed to timely file a return for that year. Section 7491(c) imposes the burden of production in any court proceeding on the Commissioner with respect to the liability of any individual for penalties and additions to tax. Higbee v. Commissioner, 116 T.C. at 446; Trowbridge v. Commissioner, T.C. Memo. 2003-164, affd. 378 F.3d 432 (5th Cir. 2004). In order to meet the burden of production under section 7941(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate. Higbee v. Commissioner, supra.

The burden of proof remains on the taxpayer, who must prove that his failure to file timely was: (1) Due to reasonable cause, and (2) not due to willful neglect. Sec. 6651(a); United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, supra at 446-447. A failure to file timely a

Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and nevertheless was unable to file the return within the prescribed time. Barkley v. Commissioner, T.C. Memo. 2004-287; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure or reckless indifference. United States v. Boyle, supra at 245.

Petitioner's 2002 return was not filed until April 19, 2004. Therefore, respondent has met his burden of production. Petitioner introduced no evidence or any legally sufficient reason for his failure to file a timely return. The Court finds that petitioner did not have reasonable cause for his failure to file as required by section 6651(a)(1). Accordingly, respondent's determination of an addition to tax under section 6651(a)(1) is sustained.

D.  Accuracy-Related Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a). Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, including negligence or disregard of rules or regulations and a substantial understatement of income tax. See sec. 6662(b)(1) and (2). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code,

including any failure to keep adequate books and records or to substantiate items properly.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  A "substantial understatement" includes an understatement of tax that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.  The Commissioner bears the burden of production.  Sec. 7491(c).

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion.  The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year.  Id.

Petitioner had a substantial understatement of tax for 2002 since the understatement amount exceeded the greater of 10 percent of the tax required to be shown on the return or $5,000.  The Court concludes that respondent has produced sufficient evidence to show that the accuracy-related penalty under section 6662 is appropriate.  Nothing in the record indicates petitioner acted with reasonable cause and in good faith.  Respondent's

determination of an accuracy-related penalty under section 6662(a) is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.