T.C. Memo. 1998-23

UNITED STATES TAX COURT

PAUL M. AND JUNE S. SENGPIEHL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18672-96.                      Filed January 20, 1998.

Paul M. Sengpiehl, for petitioners.

Naseem J. Khan and John Comeau, for respondent.


MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  This case was heard pursuant
to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioners' Federal
income tax for 1991 in the amount of $4,828.

---

[1]    All section references are to the Internal Revenue Code in
effect for the taxable year in issue.  All Rule references are to
the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are whether petitioners are entitled to deductions for various amounts claimed as Schedule C expenses and whether petitioners are entitled to a dependency exemption deduction with respect to their married son.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein. Petitioners resided in Oak Park, Illinois, at the time their petition was filed.

During the taxable year in issue, Paul M. Sengpiehl (petitioner) was a self-employed attorney. Petitioner conducted his legal practice out of petitioners' home in Oak Park, Illinois. Petitioner did not maintain another office during the year in issue.

Petitioners' residence has three stories, including an unfinished basement. The basement measures 759 square feet. In 1991, the basement contained the heater and washing machine. It contained no living area. Petitioner used 272 square feet of the basement to store materials used in his law practice.

---

[2] Petitioners concede they are not entitled to deductions for car and truck expense in the amount of $930, depreciation expense in the amount of $1,168, and insurance expense in the amount of $1,667. Respondent concedes that petitioners are entitled to a deduction for office expense in the amount of $6,030, and petitioners concede that they are not entitled to a deduction for the remaining amount of office expense claimed in the amount of $1,092. Respondent further concedes that petitioners are entitled to a Schedule C deduction for other expenses in the amount of $1,889.35.

The first floor is divided into five rooms.  The living room measures 299 square feet and in 1991 was furnished with two sofas, some easy chairs, a coffee table, a lamp table, a piano, and bookshelves.  The dining room measures 159.375 square feet and was furnished with a dining room table, chairs, and china cabinets in 1991.  The kitchen is 195.25 square feet in size and in 1991 contained kitchen appliances, a table and chairs, and a telephone.  An enclosed porch located next to the dining room is 165 square feet and in 1991 was furnished with a sofa, easy chairs, a wordprocessor, a copy machine, a fax machine, a file cabinet, a television set with cable television, and one telephone.  Another enclosed porch next to the dining room measures 105 square feet.  In 1991, this porch was furnished with a desk, chairs, credenza, two filing cabinets, and a telephone during the year in issue.  The first floor also includes a hallway measuring 138 square feet.

The second floor of the house contains four rooms, including a bathroom and a hallway, totaling 688.25 square feet. Petitioner did not use any of the second floor in operating his law practice.

Petitioners paid mortgage interest, real estate taxes, home insurance, and utilities in the respective amounts of $2,324.97, $4,442.01, $360, and $2,815.44 during 1991.

Petitioners' home had one telephone line with extensions in the kitchen, master bedroom, and in each of the enclosed porches. Petitioners' phone number was listed in the residential section of the Illinois Bell Telephone Directory and in Sullivan's Law Directory under petitioner's name. Petitioners paid telephone expenses in the amount of $1,004 in 1991.

Petitioners' son, Jeffrey Sengpiehl, and daughter, Chrystal Sengpiehl, resided with petitioners for part of the year in issue. Chrystal Sengpiehl lived in their home through the end of August 1991, at which time she left to attend college. Jeffrey Sengpiehl married in November 1991, at which time he moved from petitioners' home. Jeffrey Sengpiehl and his wife filed a joint tax return Form 1040 for the tax year 1991 and reported income in the amount of $13,351.87.

On Schedule C of their 1991 Federal income tax return, petitioners reported gross receipts from petitioner's legal practice in the amount of $50,179.62. On Schedule C, petitioners claimed a deduction for home office expense in the amount of $4,143 based upon business usage of 41.67 percent of their home. Petitioners also claimed a deduction for other expenses in the amount of $6,895, including telephone expense in the amount of $1,004. On their 1991 return, petitioners claimed a dependency exemption deduction with respect to both Chrystal and Jeffrey. Petitioners also claimed an earned income credit for 1991.

In the notice of deficiency, respondent disallowed $3,357 of petitioners' home office deduction. The balance was allowed based upon business usage of the two enclosed porches or 7.15 percent of their home. Respondent allowed petitioners additional itemized deductions for the portion of the disallowed home office expense which represents mortgage interest and real estate taxes in the amount of $2,459. Respondent disallowed petitioners' other expenses in the amount of $5,518 because petitioners had not shown that this amount was for ordinary and necessary business expenses. Respondent further disallowed petitioners' dependency exemption deduction claimed with respect to their son Jeffrey because he filed a joint return for the year in issue. As a computational result of respondent's other adjustments, respondent disallowed petitioners' claimed earned income credit.

Respondent's determinations are presumed correct, and petitioners bear the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Further, deductions are a matter of legislative grace, and petitioners must prove entitlement to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Schedule C Deductions

A. Home Office Expenses

Section 280A generally prohibits deduction of otherwise allowable expenses with respect to the use of an individual

taxpayer's home.  As an exception, this restriction does not apply to any item that is allocable to a portion of the home that is exclusively used on a regular basis as the principal place of business for the taxpayer's trade or business.  Sec. 280A(c). Section 280A(c) requires that the taxpayer use the portion of the home solely for the purpose of carrying on a trade or business and that there be no personal use of that part of the home.  See Cadwallader v. Commissioner, 919 F.2d 1273, 1275 (7th Cir. 1990), affg. T.C. Memo. 1989-356; Sam Goldberger, Inc. v. Commissioner, 88 T.C. 1532, 1556-1557 (1987).  The legislative history of section 280A provides:

> Exclusive use of a portion of a taxpayer's dwelling unit means that the taxpayer must use a specific part of a dwelling unit solely for the purpose of carrying on his trade or business.  The use of a portion of a dwelling unit for both personal purposes and for the carrying on of a trade or business does not meet the exclusive use test. Thus, for example, a taxpayer who uses a den in his dwelling unit to write legal briefs, prepare tax returns, or engage in similar activities as well as for personal purposes, will be denied a deduction for the expenses paid or incurred in connection with the use of the residence which are allocable to these activities.

Sam Goldberger, Inc. v. Commissioner, supra (quoting S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 186; H. Rept. 94-658 (1975), 1976-3 C.B. (Vol. 2) 695, 853).

The general rule of section 280A(a) does not apply to any item that is allocable to space that is used on a regular basis for storage of the taxpayer's inventory held for use in the

taxpayer's trade or business of selling products at retail or wholesale. Sec. 280A(c)(2).

There is no dispute that petitioner's principal place of business was located in petitioners' home. The issue is with respect to what portion of petitioners' home are petitioners entitled to claim a deduction for home office expenses. The parties have presented their arguments on a room-by-room basis, and we use this framework in our analysis. Petitioners argue that they are entitled to a deduction for home office expenses allocable to 51 percent business use of their home.

By way of background, we note that petitioner contends that his family did no entertaining at home and that his wife and children made no use of any of the rooms in the house aside from the bedrooms, bathroom, and kitchen, and the dining room on a extremely limited number of occasions. Furthermore, with respect to the use of several rooms at issue, specifically the dining room, kitchen, and bathroom, petitioners advance the argument that "exclusive" business use during business hours is sufficient to satisfy section 280A(c), regardless of any personal use after hours. We do not agree. The use of a portion of a home for both personal and business purposes does not meet the exclusive use requirement of section 280A(c). Sam Goldberger, Inc. v. Commissioner, supra.

Petitioners also argue that the claimed allocation percentage is proper based on the amount of time that the rooms were purportedly devoted to use in petitioner's legal practice. In this respect, petitioners rely on Neilson v. Commissioner, 94 T.C. 1 (1990), and Gino v. Commissioner, 60 T.C. 304 (1973), revd. 538 F.2d 833 (9th Cir. 1976), wherein the Court compared the number of hours the space in issue was used for business purposes as opposed to the number of hours it was used for other purposes. Petitioners' reliance is misplaced. The facts in Neilson v. Commissioner, supra, involved a day-care operation in the taxpayers' home, and, thus, section 280A(c)(4) applied. Petitioners do not argue, nor would we agree, that section 280A(c)(4) applies in these circumstances. The second case, Gino v. Commissioner, supra, was decided prior to the enactment of section 280A.

Petitioner argues that the portion of his home allocable to his business use included the dining room. Petitioners contend that any use of the dining room "after hours" does not negate the use of the room for business purposes because personal activities may go on at outside law offices after hours. Respondent argues that petitioners have failed to prove that the area was used exclusively for business purposes, and, therefore, cannot allocate the expenses to business use.

Petitioner testified that he used the dining room to conduct conferences and to execute various documents. Petitioner also testified that he stored current legal files in the dining room piled on the floor and on the furniture, although the only filing cabinets were in one of the other rooms. Two of petitioner's clients testified to meeting with petitioner in the dining room area. Petitioner admitted that his family used the dining room for family dinners but testified that this occurred on Saturdays and Sundays only, on three birthdays, and on Thanksgiving.

Although the testimony convinces us that petitioner used the dining room for some business purposes, petitioner has not established that this room was used exclusively for business purposes. Based on the record, we do not believe that the personal use of the dining room was de minimis. See, e.g., Culp v. Commissioner, T.C. Memo. 1993-270; Hughes v. Commissioner, T.C. Memo. 1981-140. Petitioners are not entitled to deduct the expenses attributable to this portion of their home.

Petitioner argues that the portion of his home allocable to his business included the living room. Respondent argues that petitioner has failed to prove that the area was used exclusively for business purposes. Respondent contends that petitioner's testimony is not credible and that we should infer from the manner in which the room was furnished that petitioners and their children made personal use of their living room, citing Hefti v.

<u>Commissioner</u>, T.C. Memo. 1988-22, affd. without published opinion 894 F.2d 1340 (8th Cir. 1989).

Petitioner testified that he used the living room as an informal meeting area and as a conference room in his legal practice. Petitioner testified that he met with at least 54 clients in this room during 1991. Petitioner testified that he and Mrs. Sengpiehl usually did not entertain at home and that their children never had guests at the house. He further testified that he was the only member of the family who played the piano and that he did not do so during the year in issue. Two of petitioners' clients testified that when they met with petitioner, they had free access to the entire first floor, and testified to meeting with petitioner in the living room.

We found the witnesses' testimony credible concerning the use of the living room for business purposes. We have no basis for doubting petitioner's testimony that the living room was not used for personal reasons when petitioner admitted to making personal use of other rooms. Therefore, we find that petitioners have satisfied the requirements of section 280A(c)(1) with regard to the living room.

Petitioners argue that one-half of the kitchen space is part of petitioner's home office. Respondent contends petitioners have failed to prove that any part of the kitchen was used exclusively for business purposes. We agree with respondent.

Petitioner testified that Mrs. Sengpiehl was available to serve his clients refreshments. One of petitioner's clients testified that she made phone calls from the kitchen. Petitioner also testified that his family would get coffee from the kitchen and that dinner was eaten in half of the kitchen.

Petitioners have not established that any part of the kitchen was used exclusively in petitioner's business. Petitioners are not entitled to a deduction for the expenses allocable to the kitchen.

Petitioners argue that petitioner's home office included the bathroom. Respondent counters that petitioners used the bathroom for personal purposes and have failed to meet the requirements of section 280A(c). We agree with respondent.

Petitioner testified that the bathroom was available for his clients' use, and that his children were not present in the house during the normal business hours of his law practice. Petitioners have failed to establish that the bathroom was exclusively used for business purposes, and no deduction may be allowed with respect to this portion of the house.

Petitioners contend that petitioner's home office includes a portion of their basement used by petitioner for storage of legal materials. Respondent argues that petitioners are not entitled to a deduction for the storage space under section 280A(c)(2). Petitioners argue that respondent raised this issue initially on

brief, and therefore has the burden of proof.  We think respondent's argument is not on point.

Petitioner testified that he used a portion of the basement, measuring 272 square feet, to store files, law books, and estate property.  There is no suggestion that petitioner used this portion for personal reasons.  Thus, we find that this portion of the basement satisfies the requirements of section 280A(c)(1) and is part of petitioner's home office.

Finally, petitioners argue that petitioner's law office includes the hallway on the first floor.  Petitioners offered no evidence to establish that this area was used exclusively for business purposes.  Therefore, petitioners are not entitled to deduct expenses allocable to this portion of their residence.

Based on the above analysis, petitioners are entitled to an additional home office deduction with respect to the expenses attributable to 571 square feet.[3]

B. Telephone Expense

Section 262(a) provides:  "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses."  Section 262(b) provides that any charges, including taxes, for basic local telephone service for the first telephone line of the taxpayer's residence

---

[3]  Computations under Rule 155 should account for respondent's allowance of mortgage interest and real estate taxes as itemized deductions.

are treated as personal expenses for the purposes of section 262(a).

Petitioners argue that the telephone expenses are deductible as business expenses under section 162(a), and therefore the deduction of such expenses is otherwise expressly provided. Petitioners ignore the explicit language of section 262(b). Petitioners failed to offer any testimony or evidence as to whether the telephone expenses claimed include long distance charges for business purposes. Thus, petitioners have failed to establish that they are entitled to a deduction for telephone expense. Respondent is sustained on this issue.

C. Other Expenses

Petitioner testified that he incurred checking account fees during 1991. Petitioners did not argue that they are entitled to a deduction for these fees in either of their posttrial briefs. Moreover, petitioners have not established that the amount of fees paid or that the fees were incurred for business purposes. Petitioners are not entitled to a deduction for any checking account fees.

Dependency Exemption

Section 151(c)(2) provides that no deduction for a dependency exemption is allowed with respect to any dependent who filed a joint return with his spouse for the taxable year at issue. The language of section 151(c)(2) is clear. Petitioners are not entitled to a deduction for a dependency exemption with respect to Jeffrey Sengpiehl because he filed a joint return with his wife for 1991.

Petitioners, however, contend that the instructions for completing Form 1040EZ allow parents to claim a dependency exemption deduction with respect to a married child. Petitioners further contend that Jeffrey Sengpiehl did not claim a personal exemption for the year in issue. Petitioners argue that respondent should be estopped from arguing that petitioners are not entitled to the deduction because the instructions contained on Form 1040EZ indicate otherwise and Jeffrey Sengpiehl is no longer able to amend his return due to the running of the statute of limitations.

On brief, petitioners allege that Form 1040EZ, "Income Tax Return for Singles and Joint Filers", contains certain instructions for married taxpayers. We are unable to determine where petitioners have found the language contained in their brief. There is no copy of Form 1040EZ in the record. Petitioners' son and daughter-in-law filed Form 1040 for 1991.

Our research on this issue discloses that the 1991 Form 1040EZ is entitled "Income Tax Return for Single Filers with No Dependents". The instruction booklet for the 1991 Form 1040EZ provides that a filer must meet seven requirements to the form. The first requirement is: "Your filing status is single". We do not believe that petitioners could reasonably have been misled by these instructions. Petitioners' interpretation is clearly incorrect.[4] Respondent is sustained on this issue.

We have considered all of the arguments of both parties, and, to the extent not discussed herein, we find them to be without merit or irrelevant.

To reflect the foregoing and the concessions of the parties,

Decision will be entered

under Rule 155.

---

[4] Even if respondent's publication was erroneous or was a misleading interpretation of the law as petitioners allege, respondent is not bound by such publication. Green v. Commissioner, 59 T.C. 456, 458 (1972).