T.C. Summary Opinion 2002-78

UNITED STATES TAX COURT

GREGORY M. BESTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13304-00S.           Filed June 27, 2002.

Gregory M. Bestor, pro se.

<u>Paul L. Dixon</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's 1997

Federal income tax in the amount of $3,349. This Court must decide: (1) Whether petitioner is entitled to deduct claimed Schedule C expenses, and (2) whether petitioner is entitled to Schedule E expenses in excess of the amounts allowed by respondent. The additional adjustment made in the statutory notice of deficiency with respect to petitioner's itemized deductions is computational in nature and will be resolved by our holding on the issues herein.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Las Vegas, Nevada, at the time he filed his petition.

During 1997, petitioner resided at 2021 Hallwood Drive (Hallwood residence) in Las Vegas, Nevada. Petitioner purchased the Hallwood residence in 1995 for $122,200.

On his 1997 Form 1040, U.S. Individual Income Tax Return (1997 return), petitioner listed his occupation as "Investor". The Hallwood residence was listed as petitioner's business address on his Schedule C, Profit or Loss From Business (Schedule C). On his Schedule C, petitioner reported no gross receipts or sales with respect to his purported "investor" business. Petitioner claimed total deductions on his Schedule C as follows: (1) Car and truck expense of $4,123; (2) depreciation expense of $1,396; (3) supplies expense of $835; (4) utilities expense of $445; and (5) office expense of $1,480. Petitioner reported a

net loss of $8,279 in 1997 on his Schedule C.

In 1997, petitioner reported $2,625 in rent received on his Schedule E, Supplemental Income and Loss, attached to his 1997 return. On the Schedule E, petitioner's Hallwood residence was listed as the rental real estate property. Petitioner's claimed deductions attributable to the rental use of the Hallwood property in 1997 included: (1) Cleaning and maintenance expense of $565; (2) insurance expense of $369; (3) repairs expense of $10,726; and (4) utilities expense of $2,401. On his Schedule E, petitioner reported a total rental real estate loss of $11,436.

Section 7491 does not apply in this case because petitioner has not complied with all applicable substantiation requirements, including those of section 274(d). Sec. 7491(a)(2)(A).

Respondent disallowed all of petitioner's Schedule C expenses because he had not established that he was in a trade or business and that the expenses were expended for the purposes designated.

Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. To be deductible as a business expense, the expenditure must relate to activities which constitute the current carrying on of an existing trade or business. Corbett v. Commissioner, 55 T.C. 884, 887 (1971). Whether activities carried on by an individual can be

characterized as a trade or business requires an examination of the facts in each case. Commissioner v. Groetzinger, 480 U.S. 23, 36 (1987). There are three factors to consider: (1) The taxpayer must undertake the activity with the intent to make a profit; (2) the taxpayer must be regularly and actively involved in the activity; and (3) the taxpayer's business operations must actually have commenced. McManus v. Commissioner, T.C. Memo. 1987-457, affd. per curiam without published opinion 865 F.2d 255 (4th Cir. 1988).

At trial, petitioner failed to establish that he was in a trade or business. Petitioner had no books or records of a trade or business. He had no current profits from a trade or business and did not prove a history of such profits. Petitioner reported no profits from the sales of stock, and he made no sales of real estate during 1997 or the prior year. There is nothing in the record to support his assertion except petitioner's self-serving, unbelievable statements. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Because we find that petitioner was not in a trade or business during the year in issue, we hold he is not allowed to deduct any of the Schedule C expenses he claimed in 1997.

In addition to the prior holding, we find that petitioner failed to substantiate his claimed deductions. A taxpayer must keep sufficient records to establish the amounts of the deductions. Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965);

sec. 1.6001-1(a), Income Tax Regs.  Generally, except as otherwise provided by section 274(d), when evidence shows that a taxpayer incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount, bearing heavily if it chooses against the taxpayer whose inexactitude is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The Court, however, must have some basis upon which an estimate can be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Section 274(d)(4) imposes stringent substantiation requirements for the deduction of certain listed property as defined under section 280F(d)(4).  Listed property, as defined in section 280F(d)(4), includes any passenger automobile or any other property used as a means of transportation.  Taxpayers must substantiate by adequate records the following items in order to deduct any car and truck expenses (including depreciation):  The amount of each separate expenditure, the listed property's business and total usage, the date of the expenditure or use, and the business purpose for an expenditure or use.  Sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  To substantiate a deduction by means of adequate records, a taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, and/or other documentary evidence, which, in combination, are sufficient to

establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Each element of an expenditure or use that must be substantiated should be recorded at or near the time of that expenditure or use. Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Travel and car and truck expenses cannot be estimated under Cohan. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

On his 1997 Schedule C, petitioner deducted total car and truck expenses of $4,123. Petitioner also claimed a depreciation expense deduction of $1,396 with respect to the business use of his vehicle.

After a review of the record, we find that petitioner failed to maintain adequate records such as a diary, log book, or trip sheets to show the distances he purportedly traveled in furtherance of his "investor" business. Petitioner's mileage summaries are insufficient because the mileage amounts were not entered at the time the vehicles were used. Therefore, under the strict substantiation rules of section 274(d)(4), we hold that petitioner is not entitled to deduct any car and truck expenses for 1997. Accordingly, respondent's disallowance of petitioner's Schedule C deduction for car and truck expenses is also sustained on this ground.

Section 280A limits the allowance of deductions related to the use of a home office. There is an exception if a portion of the house is used exclusively on a regular basis as the principal place of business for the taxpayer's trade or business. Sec. 280A(c)(1)(A). Section 280A(c) requires that the taxpayer "use the portion of the home solely for the purpose of carrying on a trade or business and that there be no personal use of that part of the home." Sengpiehl v. Commissioner, T.C. Memo. 1998-23.

Petitioner deducted $1,480 for his home office expenses. He also deducted $445 for utilities and $835 for supplies used in conjunction with his home office. Petitioner provided limited testimony regarding his use of the home office. Petitioner admitted that his renter also had use of the home office. While petitioner may have used the home office for some business purposes, petitioner failed to show that the home office was used exclusively for business purposes. Accordingly, we sustain respondent's disallowance of the claimed home office deductions.

Respondent allowed $1,126 of petitioner's claimed Schedule E deductions ($46 cleaning and maintenance expense + $30 insurance expense + $858 repairs expense + $192 utilities expense) because a small portion of his Hallwood property was considered rental property. Respondent also allowed petitioner a $574 depreciation deduction. Respondent explained this was with respect to furniture purchased by petitioner for the Hallwood residence

during the year in issue.

Section 212(2) allows a deduction for the ordinary and necessary expenses related to rental property. Section 262 precludes deductions for personal living expenses.

Petitioner testified at trial that during 1997 he rented the Hallwood residence for the entire year to a tenant for $300 per month. Petitioner contends that his personal use of the Hallwood residence was limited to his own bedroom. Yet he used the residence, except for the tenant's room.

After a review of the record, we find that during the year in issue petitioner maintained personal use of the entire Hallwood residence, with the lone exception of the tenant's room. Petitioner's claimed rental expense deductions, which represented most of his expenses in maintaining his residence, were unwarranted and not supported by the record. Most of his expenses were personal expenses not deductible under section 262. Accordingly, we sustain respondent's determination as to the allowable rental expenses.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.