T.C. Summary Opinion 2007-154

UNITED STATES TAX COURT

IBRAHIM B. KEITA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9596-06S.                    Filed September 5, 2007.

Ibrahim B. Keita, pro se.

<u>Michele E. Craythorn</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 2004 Federal income tax of $3,231. After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to certain deductions claimed on Schedule C, Profit or Loss From Business, and (2) whether petitioner is entitled to certain deductions claimed on Schedule A, Itemized Deductions.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Santa Rosa, California.

Petitioner was employed as a psychiatric technician during tax year 2004, earning wage income. He also worked as a licensed vocational nurse, for which he received income that he reported on his Schedule C.

On his 2004 Federal income tax return, petitioner reported wages totaling $59,580, a Schedule C business loss of $15,652, and Schedule A itemized deductions of $48,599. Respondent issued

---

[1] Petitioner conceded that he received a State income tax refund in the amount of $269 and that he received $575 in wages from Maxim Healthcare Services, Inc., during tax year 2004. Petitioner also conceded that he is not entitled to his claimed itemized deduction of $11,000 for legal fees related to defense of a tax lien. At trial, respondent conceded that petitioner is entitled to a $250 deduction for tax preparation fees.

petitioner a notice of deficiency in February 2006 disallowing $11,802 of petitioner's claimed Schedule C deductions, consisting of $7,853 for business use of petitioner's home, and $3,949 in other expenses for computers, monitors, and a fax machine.  The notice of deficiency also disallowed $19,897 of petitioner's itemized deductions, consisting of $9,384 in unreimbursed employee vehicle expenses, and $11,375 in attorney's and tax preparation fees, reduced by 2 percent of petitioner's adjusted gross income.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. Petitioner therefore bears the burden of proof.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79,

84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer is required to maintain records sufficient to enable the Commissioner to determine his correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs. Such records must substantiate both the amount and purpose of the claimed deductions. Higbee v. Commissioner, supra.

## I.   Schedule C Deductions

Petitioner claimed a $15,652 Schedule C business loss for 2004 that resulted from his deducting $20,548 in business expenses and reporting $4,896 in income. The notice of deficiency disallowed $7,853, the entire amount claimed for business use of the home, and $3,949 in other expenses claimed for computers, monitors, and a fax machine.

### A.   Business Use of Home

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. The taxpayer is generally precluded from deducting expenses incurred in connection with the business use of the residence. See sec. 280A. As an exception to the general rule, section 280A(c)(1) permits the deduction of expenses allocable to a portion of the dwelling unit which was used exclusively and regularly (1) as a principal place of business, (2) as the place for meeting with customers, clients, or patients in the normal

course of business, or (3) in the case of an unattached separate structure, in connection with the business. The deduction cannot exceed the gross income derived from the business use of the residence over the sum of certain deductions allocable to such income. Sec. 280A(c)(5); Tobin v. Commissioner, T.C. Memo. 1999-328; Cunningham v. Commissioner, T.C. Memo. 1996-141, affd. without published opinion 110 F.3d 59 (4th Cir. 1997).

In order for a taxpayer to establish use on a "regular" basis, the business use must be more than occasional or incidental. Irwin v. Commissioner, T.C. Memo. 1996-490, affd. without published opinion 131 F.3d 146 (9th Cir. 1997); Hefti v. Commissioner, T.C. Memo. 1993-128. A taxpayer "exclusively" uses a portion of his dwelling unit in a trade or business if the portion in question is not used for other than business purposes. Irwin v. Commissioner, supra; Hefti v. Commissioner, supra. The use of a portion of a dwelling unit both for personal purposes and for the carrying on of a trade or business does not meet the exclusive use test. See Sengpiehl v. Commissioner, T.C. Memo. 1998-23; Hefti v. Commissioner, supra. Whether a taxpayer's home office is his principal place of business is dependent on the amount of time spent at each location, and the relative importance of the activities performed at each location. See Commissioner v. Soliman, 506 U.S. 168, 175 (1993).

Petitioner contends that he is entitled to a deduction for business use of his home because he used his garage as a home office for scheduling purposes, sending and receiving faxes, keeping mileage records, and meeting with clients at times. Although petitioner testified that he maintained his home office for those reasons, the record does not indicate that petitioner met with clients or patients in his garage. Nor does the record establish that the garage was an "unattached separate structure". Therefore, the claimed deductions for business use of petitioner's home can be sustained only if he used the garage on a regular basis as the principal place of business for a trade or business.

Although petitioner may have done some work related to his business in his home office, his principal place of business as a licensed vocational nurse was not in his home office. Petitioner testified that when he was working as a licensed vocational nurse out of his home, he received his schedule by fax at his home office, he called the places at which he was going to work, and then he went to the actual jobs at various hospitals in the community. At the hospitals, petitioner worked as a nurse, where he sometimes supervised certified nursing assistants, dispensed medications, and gave wound treatments. Based on the record, we find that petitioner's primary place of business as a licensed vocational nurse was not in his home where he received his work

schedule, but at the hospitals in which he provided licensed vocational nursing services. To the extent that petitioner used his home for administrative activities, he has not established that the work at home was for the convenience of his employer. Based on the foregoing, we hold that petitioner's use of his garage for scheduling and faxing does not fulfill the business use exception of section 280A(c)(1), and petitioner is therefore not entitled to a deduction for business use of his home.

B.    Computers, Monitors, and Fax Machine

At trial, petitioner tried to establish that he was entitled to deduct $3,949 as Schedule C business expenses on his 2004 tax return for computers, monitors, and a fax machine. Because petitioner's computer and peripheral equipment do not fall within the home office exception to section 274 under section 280F(d)(4)(B),[2] they are listed property under section 280F(d)(4), and their deductibility is subject to the strict substantiation requirements of section 274(d).

When a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact

_____

[2] Listed property does not include any computer or peripheral equipment used exclusively at a regular business establishment. Sec. 280F(d)(4)(B). Any portion of a dwelling unit shall be treated as a regular business establishment if (and only if) the requirements of sec. 280A(c)(1) are met with respect to such portion. Sec. 280F(d)(4)(B). For the reasons discussed above, petitioner's use of his garage does not satisfy the requirements of sec. 280A(c)(1), and therefore the computers, monitors, and fax machine are listed property.

amount, we are generally permitted to estimate the deductible amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). To apply the Cohan rule, the Court must have a reasonable basis upon which an estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). However, the strict rules of substantiation that apply to certain business deductions described in section 274(d) supersede the rule in Cohan v. Commissioner, supra at 544. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Keating v. Commissioner, T.C. Memo. 1995-101; Jeffers v. Commissioner, T.C. Memo. 1986-285; sec. 1.274-5T(a)(4), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioner did not provide any receipts or any other evidence to establish when the computers, monitors, and fax machine were purchased, or the cost of the items. Petitioner testified that the amount he claimed on his Schedule C for the computers and peripheral equipment was "a little over-inflated" and that one of the computers was not even purchased in the tax year in issue. There is insufficient evidence to establish that these items were purchased during the year in issue, or to substantiate the cost. Accordingly, petitioner is not entitled to a deduction for his computers, monitors, and fax machine.

II.  Schedule A Deductions

On Schedule A of his 2004 return, petitioner claimed itemized deductions of $48,599.  Respondent disallowed $19,897 of this amount, which consisted of claimed unreimbursed employee expenses of $9,384, and attorney's and tax preparation fees of $11,375, reduced by 2 percent of petitioner's adjusted gross income.

A.  Unreimbursed Employee Expenses

Petitioner claimed a deduction of $9,384 for his vehicle expenses on Schedule A.  He completed Form 2106-EZ, Unreimbursed Employee Business Expenses, and claimed that he drove 25,024 miles for business.  Petitioner provided mileage logs totaling 12,985 miles.

Petitioner contends he worked as a licensed vocational nurse and contracted with several agencies to work at various jobs at hospitals in the community.  Petitioner argues that he is entitled to a deduction for the mileage because he was traveling from his home office to the various contracting jobs, so he was traveling from one job to another.

Pursuant to section 162, expenses relating to the use of an automobile that a taxpayer pays or incurs while commuting between the taxpayer's residence and the taxpayer's place of business or employment are not deductible because such expenses are personal, and not business expenses.  See Fausner v. Commissioner, 413 U.S.

838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. Automobile mileage deductions are also subject to the strict substantiation requirements of section 274(d).

Transportation expenses between a home office and another place of business, however, may be deductible if the home office is the taxpayer's principal place of business. Strohmaier v. Commissioner, 113 T.C. 106, 113-114 (1999); Curphey v. Commissioner, 73 T.C. 766, 777-778 (1980); Gosling v. Commissioner, T.C. Memo. 1999-148.

Where a taxpayer shows that his automobile expenses satisfy the requirements of section 162 but fails to establish that his records satisfy the heightened substantiation requirements of section 274(d), the expenses will not be allowed. To substantiate such expenses, the taxpayer must provide the following adequate records or sufficient evidence to corroborate his own testimony: (1) The amount of the expenditures; (2) the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period; (3) the date of the business use; and (4) the business purpose for the use of the automobile. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

For the reasons discussed supra, petitioner's residence was not his principal place of business. Even if petitioner had

established that his use of the vehicle satisfied the requirements of section 162, the logs he provided listing the business miles he drove do not meet the substantiation requirements of section 274(d), because petitioner did not provide the total mileage for all use of the automobile during the taxable period. Therefore, petitioner's transportation expenses do not meet the trade or business requirement of section 162, or the substantiation requirements of section 274(d), so he is not entitled to deduct his transportation expenses as Schedule A unreimbursed employee expenses.

B.    <u>Tax Preparation Fees</u>

A taxpayer may be allowed a deduction for ordinary and necessary expenses paid or incurred during the taxable year in connection with the determination, collection, or refund of any tax. Sec. 212(3). Petitioner claimed a deduction for tax preparation fees of $375 as a miscellaneous deduction on Schedule A. At trial, respondent conceded that petitioner was allowed $250 of the claimed deduction, so we do not further address this amount.

Petitioner claims that he purchased Turbo Tax software for $125 to prepare his return for tax year 2003, after his taxes were not prepared satisfactorily by a professional tax preparer. Petitioner admitted at trial that he did not know how much Turbo Tax cost and that the $125 was an estimate. Petitioner presented

no evidence to support the claimed deduction for the purchase of tax preparation software.

As discussed <u>supra</u>, when a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact amount, the <u>Cohan</u> doctrine permits the Court to estimate the deductible amount.  <u>Cohan v. Commissioner</u>, 39 F.2d at 543-544.  The Court must, however, have a reasonable basis upon which an estimate can be made.  <u>Vanicek v. Commissioner</u>, 85 T.C. at 742-743.  Because the record contains no evidence upon which we could base an estimate, we conclude that petitioner is not entitled to the remaining $125 deduction claimed for tax preparation fees, and respondent's determination with regard to this amount is sustained.

To reflect the foregoing and the concessions made by the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
